AO 241 (Rev. 09/17)

**FILED**
August 21, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____Aida Baeza_____
DEPUTY

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: 394th | |
|---|---|---|
| **Name** (under which you were convicted): GERARDO OGAZ | **Docket or Case No.:** 1789 | P-23-cv-030 |
| **Place of Confinement:** Robertson Unit | **Prisoner No.:** 02261968 | |
| **Petitioner** (include the name under which you were convicted) GERARDO OGAZ | v. | **Respondent** (authorized person having custody of petitioner) Wardan Ms. Crozby The State of Texas G.O. |
| The Attorney General of the State of: Texas | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    394th District Court, Culberson County

    (b) Criminal docket or case number (if you know): 1789

2. (a) Date of the judgment of conviction (if you know): 4-17-2019

    (b) Date of sentencing: 4-17-2019

3. Length of sentence: 50 years and 25 years

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

    1. Intoxication Manslaughter
    2. Accident Involving Death

6. (a) What was your plea? (Check one)

    ☑ (1) Not guilty   ☐ (3) Nolo contendere (no contest)
    ☐ (2) Guilty       ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? __N.A.__

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: __Court of Appeals of Texas Eighth District, El Paso__
(b) Docket or case number (if you know): __08-19-00137-CR__
(c) Result: __affirm the trial Court's Judgment__
(d) Date of result (if you know): __June 18, 2021__
(e) Citation to the case (if you know): __2021 Tex. App. Lexis 4893 / 2021 WL 2493253__
(f) Grounds raised: __Counsel filed an Anders v. California, 386 U.S. 738 brief.__

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court: __Texas Court of Criminal Appeals__
(2) Docket or case number (if you know): __WR-94,479-02__
(3) Result: __Unresolved__

AO 241 (Rev. 09/17)

    (4) Date of result (if you know): __N.A.__

    (5) Citation to the case (if you know): __N.A.__

    (6) Grounds raised: __N.A.__

  (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know): __N.A.__

    (2) Result: __N.A.__

    (3) Date of result (if you know): __N.A.__

    (4) Citation to the case (if you know): __N.A.__

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a) (1) Name of court: __Court of Criminal Appeals__

    (2) Docket or case number (if you know): __N.A.__

    (3) Date of filing (if you know): __April 1st__

    (4) Nature of the proceeding: __Not Filed__

    (5) Grounds raised: __1. Out of time Appeal 2. Did warrant rise to probable Cause 3. Fail to suppress blood draw 4. Did the state inject evidence not in record 5. Did Appellate Counsel Fail to argue insufficient evidence 6. Did appellate counsel fail to argue fail to suppress blood warrant 7. Fail to argue failed to object none expert testimony 8. Did Appellate counsel fail to argue none expert retro grade extrapolation testimony 9. Fail to object Phlembotimest draw 10. Fail to request Penal code 6.04 instruction.__

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
    ☐ Yes ☒ No

    (7) Result: __N.A.__

AO 241 (Rev. 09/17)

        (8) Date of result (if you know): **N.A.**

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court: **Court of Criminal Appeals**

        (2) Docket or case number (if you know): **WR-94,479-0203**

        (3) Date of filing (if you know): **7-5-2023**

        (4) Nature of the proceeding: **writ of mandamus**

        (5) Grounds raised: **Have not herd from district clerk after Texas Code of Criminal Procedure 11.07 §7 and Texas Rule of Appeallate Procedure 73 requests.**

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes    ☒ No

        (7) Result: **N.A.**

        (8) Date of result (if you know): **N.A.**

    (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court: **N.A.**

        (2) Docket or case number (if you know): **N.A.**

        (3) Date of filing (if you know): **N.A.**

        (4) Nature of the proceeding: **N.A.**

        (5) Grounds raised: **N.A.**

AO 241 (Rev. 09/17)

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes    ☑ No

      (7) Result: N.A.

      (8) Date of result (if you know): N.A.

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☑ Yes    ☐ No

    (2) Second petition:    ☑ Yes    ☐ No

    (3) Third petition:    ☑ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N.A.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Whether Counsel was ineffective for Out of time appeal?

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appellate Counsel was ineffective under due process of the United States Constitution of the Sixth and Fourteenth Amendments for not informing Petitioner of Court of Appeals issue of opinion or mandate Causing time to run out to file a petition for descretionary Review.

(b) If you did not exhaust your state remedies on Ground One, explain why: I have been trying to with Texas Code of Criminal Procedures 11.07

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   It was not yet an issue.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Habeas Corpus

Name and location of the court where the motion or petition was filed:   394th District Court Culberson County with the district clerk

Docket or case number (if you know):   5826/394th

Date of the court's decision:   none

Result (attach a copy of the court's opinion or order, if available):   none

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   N.A.

Docket or case number (if you know):   N.A.

Date of the court's decision:   N.A.

Result (attach a copy of the court's opinion or order, if available):   N.A.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

It was or has never been addressed by the trial court

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Writ of Mandamus

**GROUND TWO:** ~~N.A.~~ Ineffective Assistance of trial Counsel. Whether the warrant had probable Cause to issue?

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

~~N.A.~~ The trial Counsel was ineffective under due process right of the United States Constitution of the Sixth and Fourteenth Amendments of failure to file motion to suppress the blood draw. Petitioner was stopped March 9th 2018 on which date of affidavit was filled out but the officer filed for a blood draw warrant untill March 10th 2018. Further the warrant stated to take petitioner to Hudspeth County for draw and was taken to Culberson County instead by officer, in violation of the 4th Amendment to the United States Constitution.

(b) If you did not exhaust your state remedies on Ground Two, explain why: ~~N.A.~~ I have been trying

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: ~~N.A.~~ Appellate Counsel filed an Anders brief

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   ☑ Yes   ☒ No (G.O).

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ~~N.A.~~ Habeas Corpus and Writ of Mandamus

Name and location of the court where the motion or petition was filed: ~~N.A.~~ 394th Culberson County

Docket or case number (if you know): N.A.

AO 241 (Rev. 09/17)

Date of the court's decision: __N.A.__

Result (attach a copy of the court's opinion or order, if available): __N.A__

(3) Did you receive a hearing on your motion or petition?   ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __N.A.__

Docket or case number (if you know): __N.A.__

Date of the court's decision: __N.A.__

Result (attach a copy of the court's opinion or order, if available): __N.A.__

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

__N.A. Petitioner has been trying__

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: __N.A. Habeas Corpus and writ of Mandamus__

**GROUND THREE:** __Ineffective assistance of trial Counsel. whether failure to suppress blow draw due to phlembotmist's qualifications.__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

__N.A. Counsel was ineffective under the United States Constitution due process right of the Fourteenth Amendment and the Sixth Amendment for failure to object to phlembotomist's unqualifications, failure to object under Confrontation rights__

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: N.A. Petitioner has been trying since he found out of the opinion issued by the 8th Court of Appeals on June 18 of 2021

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: N.A. Appellate Counsel filed an Anders brief.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☑ Yes ☒ No G.O.

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N.A. Habeas Corpus and writ of Mandamus
Name and location of the court where the motion or petition was filed: N.A. 394 district Court Culberson County
Docket or case number (if you know): N.A. was never acted upon even after writ of mandamus
Date of the court's decision: N.A.
Result (attach a copy of the court's opinion or order, if available): N.A.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No
(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☑ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N A

Docket or case number (if you know): N.A.
Date of the court's decision: N.A.
Result (attach a copy of the court's opinion or order, if available): N.A.

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
N/A Petitioner has been trying since June, 2021 to no avail

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A. Writ of Habeas Corpus and Writ of Mandamus

**GROUND FOUR:** N/A. ineffective assistance of trial Counsel, whether failure to object to States Closing argument of non expert retro grade extrapolation

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
N/A. In closing argument the state said to the Jury "as time passes your alcohol level goes down" when it is well Known in every Court of the land that "as time passes" alcohol level also goes up in violation of the Sixth and 14th Amendments of the Constitution of the United States.

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A. Petitioner has been trying and is to the point of mental exhaustion and anguish.

(c) **Direct Appeal of Ground Four:**
(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes  ☑ No
(2) If you did not raise this issue in your direct appeal, explain why: N/A. Appeallate Counsel filed an Anders brief

(d) **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes  ☒ No G.O.
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: N/A. Habeas Corpus and Writ of Mandamus

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: N.A. 394th District Court Culberson County

Docket or case number (if you know): N.A.

Date of the court's decision: N.A.

Result (attach a copy of the court's opinion or order, if available): N.A.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N.A.

Docket or case number (if you know): N.A.

Date of the court's decision: N.A.

Result (attach a copy of the court's opinion or order, if available): N.A.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
N.A. Petition has beeing doing everything possible to the point of a nervous breakdown.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N.A. Habeas Corpus and Writs of Mandamus.

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☐ Yes   ☒ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: N.A. Because I have filed with the district Clerk of the 394th District Clerk two Habeas Corpus and after informing the Court of Criminal Appeals by way of writ of Mandamus it denies the writ to compel to forward

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

   N.A.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.   N.A.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.   N.A.

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: N.A. Honorable James Gerard McDermott, II 205 N. 7th st Alpine, Texas 79830 And Paul Chamber Honorable

(b) At arraignment and plea: N.A Same

(c) At trial: Same

(d) At sentencing: same

(e) On appeal: Bart E. Medley P.O. Box 1937, Fort Davis, Texas 79734

(f) In any post-conviction proceeding: N.A.

(g) On appeal from any ruling against you in a post-conviction proceeding: N.A.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

NA.

(b) Give the date the other sentence was imposed: NA.

(c) Give the length of the other sentence: NA.

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner has been with a his will and might to tell the Court of Criminal Appeals that Petitioner had been ready to file Pro-se motion for rehearing in the 8th Court of Appeal and Pro se P.D.R. by filing Texas code of Criminal Procedures 11.07 soon as I found out of opinion to no avail as documents show.

AO 241 (Rev. 09/17)

Petitioner's Mother is Senior citizen and live alone and in her last days of living and what comes to mind is an event that came out in the El Paso news of this older person that lived alone in an appartment and passed away without anyone finding out untill the people that lived in the appartment below saw her blood dripping through their ceiling from where she had been dead for a long time and I have been trying to show the State the Constitutional violations Since after the Appeallate Counsel filed his Anders brief. If I can show the State the errors I would be able to be with my loving mother the remainder of her days and would bring life back to her soul from me being back home. Petitioner has cried on the phone with her and she can tell without me telling her or crying loud.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _To allow petitioner leave to file United States Constitutional violations to this Honorable Court_

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _August 16, 2023_ (month, date, year).

Executed (signed) on _August 16, 2023_ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____