UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| GERARDO OGAZ | § |
| | § |
| vs. | §   NO:  PE:23-CV-00030-DC |
| | § |
| WARDEN CROZBY[1] | § |

### ORDER DISMISSING 28 U.S.C. §2254 AS UNEXHAUSTED
### AND DENYING A CERTIFICATE OF APPEALABILITY

Before the Court is Petitioner Gerardo Ogaz's (Petitioner) Petition for Writ of Habeas Corpus filed by a person in state custody pursuant to 28 U.S.C. §2254 (§2254), challenging his 2019 convictions for Intoxication Manslaughter and Accident involving Death, for which he received sentences of 50 years and 25 years, respectively. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing §2254 Proceedings in the United States District Courts, however, the Court concludes that this case must be dismissed *without* prejudice as unexhausted.

   I.   **Jurisdiction**

While Petitioner is currently housed in the Robertson Unit in Abilene, Texas, Petitioner was convicted out of the 394th Judicial District Court of Culberson County, Texas, which is in the jurisdiction of the Pecos Division of the Western District of Texas. This Court has jurisdiction over this matter, as jurisdiction is proper in either the district where the person is in custody or in the district in which the state court convicted and sentenced him. *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

   II.  **Exhaustion**

---

[1] Bobby Lumpkin is the Director of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ-CID) and is the proper Respondent in this case. **The Clerk shall substitute Bobby Lumpkin for Warden Crozby.** Fed. R. Civ. P. 25(d); Rule 2(a), Rules Governing §2254 Cases.

A petitioner seeking habeas corpus relief under §2254 is required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. §2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). To proceed before that court, a petitioner must either file a PDR, Texas Rule of Appellate Procedure 68.1, or an application for a post-conviction writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.07. This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

The exhaustion requirement codified in 28 U.S.C. §2254 "serves to minimize friction between our federal and state systems of justice by allowing the State [or prison] an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). By coming directly to federal court without allowing the Texas Court of Criminal Appeals to finish its review, Petitioner has prevented the state courts from ruling on, and possibly, correcting, any constitutional errors that might have occurred in this case. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989); *and Picard v. Conner*, 404 U.S. 270, 275 (1971).

The requirement, however, is not absolute. *See* 28 U.S.C. §2254(b) (setting forth two scenarios that excuse a failure to exhaust and explicitly providing that the federal courts may

deny a petition for writ of habeas corpus on the merits despite a failure to exhaust). Exhaustion is not required, "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3.

"[E]xhaustion is not necessary where resort to state remedies would be futile, because the necessary delay before entrance to a federal forum which would be required is not justified where the state court's attitude towards a petitioner's claims is a foregone conclusion." *Dilworth v. Johnson*, 215 F.3d 497, 501 n. 3 (5th Cir. 2000) (quoting *Carter v. Estelle*, 677 F.2d 427, 446 (5th Cir. 1982)). "[E]xceptions to the exhaustion requirement apply only in 'extraordinary circumstances'" and petitioner has the burden to demonstrate the futility of pursuing available remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *DCP Farms v. Yeutter*, 957 F.2d 1183, 1189 (5th Cir. 1992)). His §2254 does not establish extraordinary circumstances, futility of the administrative process, or actual prejudice. 28 U.S.C. §2254(b); *Fuller*, 11 F.3d at 62.

Petitioner has failed to show that the state court remedies, of which he is currently availing himself, were either unavailable, inappropriate, or futile. Additionally, Petitioner has failed to show any extraordinary circumstances to excuse exhaustion, or any other just cause for his failure to fully exhaust. Therefore, as all of Petitioner's claims are unexhausted, Petitioner's §2254 is denied and dismissed *without* prejudice.

### III.    Certificate of appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the recently-amended §2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, Rules Governing §2254

Proceedings. Because this Court denied Petitioner's §2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). "The COA determination under §2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of a habeas corpus proceeding). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329. As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a COA, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner stated a valid claim of the denial of a constitutional right. Therefore, a COA will not issue in this case.

### IV.   Conclusion

Accordingly, it is hereby **ORDERED** Petitioner's Application for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2254 is **DENIED** and **DISMISSED** *WITHOUT* **PREJUDICE** and a **CERTIFICATE OF APPEALABILITY WILL NOT ISSUE** in this case.

It is so **ORDERED.**

**SIGNED this 31st day of August, 2023.**

_____
**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**